# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Agreement") is made by and between Defendants Southern Electric Company, Inc. and Jalil Poorak ("the Company" and/or "Defendants") and James Howard Bragg ("Plaintiff").

## RECITALS

WHEREAS, Plaintiff has filed a civil action against the Company,

WHEREAS, the Company denies any violations of law and denies any liability to Plaintiff, but wishes to avoid further legal fees and expenses of litigation, and

WHEREAS, the parties hereto wish to resolve all of their disputes and settle these matters in a confidential manner that will avoid the need for further litigation,

NOW THEREFORE, in consideration of material covenants and promises contained herein, the parties agree as follows:

**1. Consideration.** The Company agrees to pay Plaintiff the total sum of SEVEN THOUSAND TWO HUNDRED AND FIFTY Dollars ($7,250.00) in consideration for Plaintiff's compliance with the confidentiality and other obligations under this Agreement. The parties are agreed that the amount of TWO THOUSAND FOUR HUNDRED SIXTEEN Dollars AND SIXTY SEVEN CENTS ($2416.67) of the total Consideration will be paid to Plaintiff to cover all or a portion of his attorney's fees and that another TWO THOUSAND FOUR HUNDRED SIXTEEN Dollars AND SIXTY SEVEN CENTS ($2416.67) will be allocated to Plaintiff as liquidated and other non-wage items. 1099 tax forms will be issued in accordance with this allocation. The remaining amount of TWO THOUSAND FOUR HUNDRED SIXTEEN Dollars AND SIXTY SIX CENTS ($2416.66) of the total Consideration will be subject to all applicable statutory deductions in accordance with normal payroll procedures and a W-2 tax form will be issued to Plaintiff for that remaining amount.  Plaintiff agrees to pay any and all taxes, interest or penalties determined by appropriate taxing authorities to be owed by him.  Said payments will be tendered to Plaintiff through his attorney within ten (10) business days after the Court has approved this settlement.

Plaintiff further agrees that the Company has provided his attorney with time and payroll records and that the consideration stated herein fully compensates him for any and all alleged back wages, overtime wages, benefits or any other form of compensation, damages, attorneys' fees, and costs, and that he neither seeks nor is entitled to any further wages, pay, overtime, benefits or any other form of compensation or relief and the Company is making this payment to eliminate any possible dispute or doubt that he has been paid fully and completely. The parties acknowledge the adequacy of consideration provided herein by each to the other, that this is a legally binding document, and that they intend to comply with and be faithful to its terms.

2. **Dismissal of Lawsuit.** Plaintiff is the sole plaintiff in a case styled *James Howard Bragg v. Southern Electric Company, Inc. and Jalil Poorak, Individually*, 2:12-CV-00011-WCO ("Lawsuit"), which is pending in the United States District Court for the Northern District of Georgia. By executing this Agreement, Plaintiff and his counsel agree to the dismissal of the Lawsuit with prejudice. Plaintiff shall promptly execute such documents or appear in court as necessary to obtain a dismissal with prejudice of the Lawsuit. The Plaintiff must sign a Settlement Agreement and Release of All Claims and agree to dismissal with prejudice of the Lawsuit, and this settlement must be approved by the District Court before the Company is obligated to make any payment set forth in Paragraph 1 above.

3. **Court Approval and Dismissal of Lawsuit.** By executing this Agreement, the parties agree to file this Agreement in the Lawsuit (not under seal) for Court approval by no later than September 28, 2012. The parties agree to file mutual dismissals with prejudice of all claims in the Lawsuit upon settlement approval and will request that the Court administratively close this case upon settlement approval.

4. **Full and Complete Release.** In consideration for this Agreement, Plaintiff hereby settles, waives, releases and discharges all claims whatsoever against the Company and the other parties released (identified in paragraph 4 below) with respect to each and every claim, cause of action, right, liability or demand of any kind or nature known and unknown at this time that Plaintiff may have or may have had which arose at any time and which may arise at any time until this Agreement is duly executed. Such claims that are hereby released include by way of example, but not limitation, all claims:

    a.    arising from Plaintiff's employment with the Company;

    b. based on any oral, written or implied contract, tort, promissory estoppel, or public policy; and

    c. relating to any wages, pay, back pay, overtime, benefits or any other form of compensation, attorneys' fees (except those provided in Paragraph 1 above), interest or costs, including attorneys' fees incurred in connection with any review of this Agreement by an attorney.

  This Agreement does not release any right or claim which may arise after the date of this Agreement nor does it extend to vested benefits, if any.

  Plaintiff further agrees not to sue or to authorize anyone else to file a lawsuit on his behalf against the Company (or any of the other released parties) on any claims released herein. Plaintiff further agrees not to become a member of any class suing the Company (or the other parties released) on any claims released herein.

  **5.** **Parties Released.** Plaintiff acknowledges that this Agreement and the release provision in paragraph 3 above apply to and protect in all respects Jalil Poorak, the Company and each of the Company's past, current and future parent companies, affiliates, related companies, successors and assigns, officers, directors, agents, and employees of any such entity, including but not limited to the CEO of the Company.

  **6.** **Modification.** No modification, amendments, cancellation, deletion, addition, extension or other changes in this Agreement shall be effective for any purpose unless specifically set forth in a written agreement signed by Plaintiff and an authorized representative of the Company. This Agreement constitutes a single, integrated written agreement containing the entire understanding between Plaintiff and the Company regarding the subject matter hereof and supersedes and replaces any and all prior agreements and understandings, written or oral.

  **7.** **Confidentiality.** Unless otherwise required by law or pursuant to court order, Plaintiff agrees to keep the subject matter of this Lawsuit, the existence of this Agreement, and the fact he received any money from the Company in connection with this Agreement absolutely confidential forever. Plaintiff represents that he has not disclosed the subject matter or terms of this Agreement or the amount of the Consideration at any time before execution of the Agreement. Plaintiff agrees not to discuss anything about this Agreement with anyone (other than his immediate family members and attorney or other adviser he consults for professional advice, and all such persons shall be apprised of the

provisions of this paragraph and agree to be bound by them prior to making any disclosures to them), and Plaintiff will not authorize anyone to discuss anything about this Agreement, including all of the matters that he agreed to keep confidential. Notwithstanding this paragraph, he may disclose that he "dismissed his claim and decided to move on" or "the matter has been resolved."

Plaintiff acknowledges that this confidentiality clause is a material provision of this Agreement and if he breaches this clause, he must refund all money paid to him or on his behalf listed in Paragraph 1 above. The Company will insist on strict compliance with this clause and will vigorously seek to enforce it. If Company asserts a breach of this clause, the Company will seek not only repayment of the money set forth in paragraph 1 above but its attorneys' fees and any other available relief.

**8.    Non-Admissions.** This Agreement does not constitute an admission by any party to the Lawsuit that they have violated any law or statute and all parties specifically deny any such violation occurred.

**9.    Acknowledgment.** By signing this Agreement, Plaintiff acknowledges and warrants that:

a.    Plaintiff has carefully read and fully understands every provision of this Agreement, including, without limitation, the confidentiality clause in paragraph 7 above, the release of all claims listed in paragraph 4 above and Plaintiff's agreement to file the Stipulation of Dismissal with Prejudice in the Lawsuit referenced in paragraph 3 above;

b.    Plaintiff consulted with an attorney of his choosing before signing this Agreement;

c.    Plaintiff had a reasonable amount of time after receiving this Agreement to consider the Agreement and consult an attorney before signing; and

d.    Plaintiff accepts this Agreement knowingly and voluntarily, and he was not intimidated, coerced or pressured.

**10.    Representations.** Plaintiff represents and warrants that he is fully authorized to execute this Agreement and that he has not assigned, transferred or pledged all or any portion of the claims hereby released.

PLAINTIFF DECLARES THAT HE HAS CAREFULLY READ THIS AGREEMENT, CONSULTED AN ATTORNEY, UNDERSTANDS THIS AGREEMENT, AND EXECUTES THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.

_____
James Howard Bragg

Sept. 24, 2012
Date

Agreed to and accepted by counsel to Plaintiff.

_____
D. Scott McPherson  #498810

9-30-2012
Date

**AND**

_____
An Authorized Representative of
the Company

10-1-2012
Date